UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MALIK LANGHAM,<br><br>        Plaintiff,<br><br>   v.<br><br>ANTONIO GRANZELLA, et al.,<br><br>        Defendants. | Case No. 23-cv-02275-HSG<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>Re: Dkt. No. 24 |

Pending before the Court is Defendants'[1] motion to dismiss. *See* Dkt. No. 24. The Court finds this matter appropriate for disposition without oral argument and the matter is deemed submitted. *See* Civil L.R. 7-1(b). For the reasons discussed below, the Court **GRANTS** the motion to dismiss.

## I. REQUEST FOR JUDICIAL NOTICE

Defendants request that the Court take judicial notice of several adjudicative facts based on two documents related to Plaintiff's traffic citation and convictions, as well as a third document consisting of a declaration from the State of California Department of General Services attesting to the fact that Plaintiff filed no government tort claim regarding the incident underlying this litigation. Dkt. No. 25. Plaintiff does not appear to oppose this request. Courts "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to the matters at issue." *U.S. ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992) (citations omitted); *see also* Fed. R. Evid. 201(b). The Court finds that Plaintiff's state traffic proceeding is directly related to

---

[1] The first amended complaint names Antonio Granzella, Joseph Dagnino, Sean Butler, and Kenton DeWald (collectively, "Defendants"). *See* Dkt. No. 20 ("FAC") at ¶¶ 2–9.

the *Heck* analysis discussed below, and therefore **GRANTS IN PART** the request for judicial notice as to those two documents.  The Court **DENIES AS MOOT** the request as to the third document proffered by Defendants, as it was not considered as part of this order.

## II.  BACKGROUND

According to Plaintiff, on November 15, 2022, Officers Granzella and DeWald initiated a traffic stop of Plaintiff on the freeway.  FAC at ¶¶ 10–11.  Officer Granzella asked Plaintiff if he had a California driver's license, and Plaintiff indicated he had a valid Florida license.  *Id*. at ¶¶ 18–19, 24.  After searching Plaintiff's clothing, the officers informed Plaintiff that his vehicle would be towed because he was unlicensed.  *Id*. at ¶¶ 20–22.  While in possession of Plaintiff's Florida license, Officer Granzella cited Plaintiff for driving without a license and exceeding the speed limit, and the officers arrested Plaintiff, searched his car without a warrant or his consent, then had the car towed.  *Id*. at ¶¶ 25–38; *see* Dkt. No. 25 at 7–8 (Ex. A) (Plaintiff's citation on November 15, 2022 for driving without a valid license (Cal. Veh. Code § 12500(a)) and for exceeding the speed limit (Cal. Veh. Code § 22349(a))).  Plaintiff was subsequently convicted in traffic court both for being an unlicensed driver and for driving over the speed limit.  *See* Dkt. No. 25 at 10–11 (Ex. B) (minute order from the Contra Costa County Superior Court).

Based on these events, Plaintiff alleges a violation of his Fourth Amendment rights under 42 U.S.C. § 1983, as well as several related state law claims.  *See* FAC at ¶¶ 61–104.

## III.  MOTION TO DISMISS

### A.  Legal Standard

Federal Rule of Civil Procedure 8(a) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  A defendant may move to dismiss a complaint for failing to state a claim upon which relief can be granted under Rule 12(b)(6).  "Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory."  *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008) (citation omitted).  To survive a Rule 12(b)(6) motion, a plaintiff need only plead "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A claim

is facially plausible when a plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In reviewing the plausibility of a complaint, courts "accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). Nevertheless, courts do not "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (quoting *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001)).

"A claim may be dismissed under Rule 12(b)(6) on the ground that it is barred by the applicable statute of limitations only when the running of the statute is apparent on the face of the complaint." *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 969 (9th Cir. 2010) (internal quotation marks and citation omitted). "[A] complaint cannot be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts that would establish the timeliness of the claim." *Id.* (citation omitted).

**B.     Discussion**

    **1.     Section 1983 Claim**

Defendants contend that Plaintiff's Fourth Amendment claim under § 1983 is barred by the Supreme Court's ruling in *Heck v. Humphrey*, 512 U.S. 477 (1994). *See* Dkt. No. 24 at 8–10. The Court agrees.

In *Heck*, the Supreme Court affirmed the dismissal of the plaintiff's § 1983 claims, and held that "in order to recover damages for . . . harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." 512 U.S. at 486–87 (footnote omitted). The Court further directed district courts to "consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed

1   unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated."
2   *Id.* at 487; *see also Smithart v. Towery*, 79 F.3d 951, 952 (9th Cir. 1996) (affirming dismissal of
3   plaintiff's § 1983 claim that defendant police officers lacked probable cause to arrest him and
4   brought unfounded criminal charges against him because plaintiff "may challenge the validity of
5   his arrest, prosecution and conviction only by writ of habeas corpus"). *Heck* applies to
6   convictions arising from traffic citations. *See, e.g.*, *Langham v. City of Union City*, Case No. 23-
7   CV-01753-JSW, 2023 WL 8417706, at *2 (N.D. Cal. Dec. 4, 2023) (dismissing Plaintiff's
8   analogous § 1983 claim in another lawsuit based on *Heck* because by attacking the lawfulness of
9   the seizure, Plaintiff necessarily called into question the propriety of his traffic code convictions
10  and challenged whether he was driving without a valid license and in a car with tinted windows);
11  *Berger v. Brandon*, Case No. 2:08-CV-01688-GEB-EFB, 2008 WL 5101338, at *2 (E.D. Cal.
12  Dec. 3, 2008) ("*Heck* bars Plaintiff's retaliation claims that the Officer Defendants stopped him
13  without probable cause, filed a false police report and gave false testimony, since granting this
14  relief would necessarily imply the invalidity of his conviction.").

15   Here, the FAC alleges that Defendants lacked probable cause to search and tow Plaintiff's
16  vehicle and to arrest him. *See* FAC at ¶¶ 61–66. In short, his § 1983 claim challenges whether he
17  actually was driving without a valid license and attacks the lawfulness of the search and seizure of
18  his vehicle and his person, all of which necessarily implies the invalidity of his traffic code
19  convictions. *See, e.g.*, *Finley v. Fisher*, Case No. 14-CV-00913-HSG, 2015 WL 3466394, at *3
20  (N.D. Cal. June 1, 2015) (dismissing as *Heck*-barred § 1983 claim based on the defendants'
21  alleged lack of probable cause to arrest the plaintiff); *accord Langham*, 2023 WL 8417706, at *2.
22  Accordingly, the Court **GRANTS** the motion to dismiss Plaintiff's § 1983 claim based on *Heck*.
23  *See Heck*, 512 U.S. at 487; *Smithart*, 79 F.3d at 952. As such, the Court does not reach the merits
24  of Plaintiff's claim. Unless and until his conviction is "reversed on direct appeal, expunged by
25  executive order, declared invalid by a state tribunal authorized to make such determination, or
26  called into question by a federal court's issuance of a writ of habeas corpus," *Heck*, 512 U.S. at
27  487, Plaintiff's § 1983 claim as currently pled is not cognizable. The Court grants Plaintiff one
28  final opportunity to amend the operative complaint to the extent he can state a claim that is not

1  barred by *Heck*. For the reasons set out above, any amended complaint cannot be based on a claim
2  that the Defendants did not have probable cause to search and seize Plaintiff's vehicle or to arrest
3  him.

### 2. State Law Claims

Plaintiff's remaining claims allege violations of state law. *See* FAC at ¶¶ 67–104. The Government Claims Act "requires that 'all claims for money or damages against local public entities' be presented to the responsible public entity before a lawsuit is filed." *City of Stockton v. Superior Court*, 42 Cal.4th 730, 734 (2007) (quoting Cal. Gov't Code § 905). "Failure to present a timely claim bars suit against the entity." *Id*. (quoting Cal. Gov't Code § 945.4). Where, as here, an alleged injury is to one's person or property, a claimant must present his government claim to the public entity within six months after the cause of action accrues. *See* Cal. Gov't Code § 911.2(a). If the injured party then files suit, they must in their complaint "allege facts demonstrating or excusing compliance with this claim presentation requirement[,]" or risk dismissal. *State of Cal. v. Superior Court (Bodde)*, 32 Cal.4th 1234, 1237, 1239 (2004). In other words, California law imposes an affirmative requirement on plaintiffs proceeding under the Government Claims Act to plead compliance. *Id.*

Here, the Court need not decide at this time whether Plaintiff's claim was timely presented, because the FAC must be dismissed for a threshold flaw that Defendants identify: in his operative complaint, Plaintiff fails to allege facts demonstrating compliance or excuse from compliance with the Government Claims Act. *See* Dkt. No. 24 at 10–11. Under *Bodde*, Plaintiff must do so in order to survive dismissal. *See Bodde*, 32 Cal.4th at 1239. Accordingly, the Court **GRANTS** Defendants' motion to dismiss on this theory, but permits Plaintiff to amend his complaint to allege sufficient facts to establish either compliance with or excusal from the Government Claims Act's requirements.[2] If no facts exist to establish his compliance or excusal, Plaintiff cannot assert

---

[2] In his opposition to the motion to dismiss, Plaintiff does not appear to dispute his lack of compliance with the Government Claims Act. *See* Dkt. No. 26 at 3. Rather, he contends that the statute does not apply to his lawsuit because he alleges claims against individual officers, and not any public entity. *Id*. However, as Defendants note, *see* Dkt. No. 27 at 2, California law provides that a plaintiff must submit a claim for damages to a public entity prior to filing suit against an employee of the entity, *see* Cal. Gov. Code § 950.2, subject to exceptions not applicable to

any state law tort claims against Defendants.

## IV. CONCLUSION

The Court **GRANTS** Defendants' motion to dismiss with leave to amend. *See* Dkt. No. 24. The Court cautions Plaintiff to carefully consider the above analysis when amending his complaint. To the extent Plaintiff is able to state claims that comport with the requirements of *Twombly* and Rule 8, are not barred by *Heck*, and allege compliance with or excusal from the Government Claims Act, such claims shall be set forth in an amended complaint to be filed within 21 days of the date of this order.

**IT IS SO ORDERED.**

Dated: 4/12/2024

HAYWOOD S. GILLIAM, JR.
United States District Judge

---

Plaintiff's state law claims, *see* Cal. Gov. Code § 905.

6