UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MALIK LANGHAM,<br><br>        Plaintiff,<br><br>    v.<br><br>ANTONIO GRANZELLA, et al.,<br><br>        Defendants. | Case No. 23-cv-02275-HSG<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>Re: Dkt. No. 32 |

Pending before the Court is Defendants' motion to dismiss. Dkt. No. 32. The Court finds this matter appropriate for disposition without oral argument and the matter is deemed submitted. *See* Civil L.R. 7-1(b). For the reasons discussed below, the Court **GRANTS** the motion.

Plaintiff Malik Langham initially filed this action in May 2023 against several California Highway Patrol Officers—Defendants Antonio Granzella, Joseph Dagnino, Sean Butler, and Kenton Dewald. Dkt. No. 1. Plaintiff amended his complaint, alleging that he was stopped by California Highway Patrol Officers while driving on the freeway. *See* Dkt. No. 20 ("FAC"). Plaintiff alleged that during the traffic stop he presented the officers with a valid Florida driver's license, but he was nevertheless ticketed and handcuffed, and his car was towed. FAC at ¶¶ 16–28. According to Plaintiff, the officers told him that he could not use a Florida license in California, and they were writing him a ticket and towing the vehicle because Plaintiff was "unlicensed." *Id.* at ¶¶ 22, 26–27. The officers searched the car and later dropped him off at a gas station. *Id.* at ¶¶ 32–42. Based on these allegations, Plaintiff brought causes of action for violations of his Fourth Amendment rights under 42 U.S.C. § 1983 and California Civil Code § 52.1, as well as for assault, battery, invasion of privacy, and negligence. *See id.* at ¶¶ 61-104.

Defendants moved to dismiss the FAC, and in April 2024, the Court granted the motion to

dismiss with leave to amend. Dkt. No. 30. In the order, the Court took judicial notice of documents related to Plaintiff's traffic citation and convictions. *See id.* at 1–2. Following the traffic stop, Plaintiff had been convicted in traffic court both for being an unlicensed driver and for driving over the speed limit. *See* Dkt. No. 25 at 10–11. The Court found that Plaintiff's claim under § 1983 was therefore barred by the Supreme Court's ruling in *Heck v. Humphrey*, 512 U.S. 477 (1994). *See* Dkt. No. 30 at 4. The Court also dismissed Plaintiff's state law claims for failing to allege compliance with the Government Claims Act. *See id.* at 5.

In response to the Court's order, Plaintiff amended his complaint, dropping the § 1983 claim. The operative complaint now only alleges a single violation of California Civil Code § 52.1. *See* Dkt. No. 31 ("SAC") at ¶¶ 51–68. Defendants filed another motion to dismiss, and urge that the Court now lacks subject matter jurisdiction. *See* Dkt. No. 32 at 4. Plaintiff did not file a response to the motion to dismiss. The Court consequently issued an order to show cause why the motion to dismiss should not be granted, Dkt. No. 33, in response to which Plaintiff explained that he is litigating "as best he c[an]" and "in good faith," Dkt. No. 34. Plaintiff further stated that based on Defendants' motion, he thought the case could not proceed. *Id.* The Court acknowledges the difficulty in litigating pro se, and turns to the substance of Defendants' motion to dismiss.

Under Federal Rule of Civil Procedure § 1367(c)(3), a court may decline to exercise supplemental jurisdiction if it has dismissed all claims over which it has original jurisdiction. *See Sandford v. MemberWorks, Inc.*, 625 F.3d 550, 561 (9th Cir. 2010). "[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims." *Id.* (quotation omitted) (original brackets). Here, the SAC no longer contains a federal claim. *See* SAC. Given the early stage in the proceedings, the Court finds this to be the "usual case" in which judicial economy, convenience, fairness, and comity all weigh in favor of declining to exercise supplemental jurisdiction over the only remaining state law claim.

Accordingly, the Court **GRANTS** the motion to dismiss. Plaintiff's claim under California

1  Civil Code § 52.1 is therefore **DISMISSED WITHOUT PREJUDICE** to refiling in state court if
2  Plaintiff may do so consistent with state court requirements and the Government Claims Act.  *See*
3  28 U.S.C. § 1367(c).  The Clerk is directed to close the case.

     **IT IS SO ORDERED.**

Dated:   7/15/2024

_____
HAYWOOD S. GILLIAM, JR.
United States District Judge